# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Antwan J. Hall,
     Petitioner,

    vs.                          Case No. 1:08cv75
                                 (Barrett, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
     Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on respondent's motion to dismiss, which was filed June 3, 2008.  (Doc. 6).[1]

### Procedural Background

On April 19, 2005, the Butler County, Ohio grand jury issued an indictment charging petitioner with one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(3); two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2); two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A); and one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1).  (Doc. 6, Ex. 1).

---

[1]Petitioner has not opposed the motion, although he was granted an extension of time until September 17, 2008 in which to file a response to the motion to dismiss.  (*See* Doc. 8).

Following a jury trial, petitioner was found guilty as charged. He was adjudicated to be a sexual predator and, on August 15, 2005, was sentenced to terms of imprisonment totaling 27 years. (*See id.*, Exs. 7, 8).[2]

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District. (*See id.*, Brief, p. 6). Petitioner asserted three assignments of error in a brief filed January 31, 2006: (1) the trial court erred in overruling petitioner's motion to suppress his statements to the police; (2) the evidence was insufficient to establish petitioner's guilt for aggravated robbery; and (3) the verdicts of guilt on the aggravated robbery, rape and kidnapping charges were against the manifest weight of the evidence. (*Id.*, Ex. 10). On August 15, 2006, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 12).

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. On November 27, 2006, he filed a *pro se* motion for delayed appeal to that court, claiming as "cause" for his delay in filing that he lacked the "knowledge, experience and education . . . to file a timely appeal" and that he was allowed only "limited time" in the prison law library. (*Id.*, Ex. 13). On January 24, 2007, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the case without opinion. (*Id.*, Ex. 14). On February 1, 2007, petitioner filed a motion for reconsideration, which was denied by the state supreme court on March 14, 2007. (*Id.*, Exs. 15-16).

Nearly three months later, on June 11, 2007, petitioner filed a *pro se* application for reopening of the appeal with the Ohio Court of Appeals, Twelfth Appellate District; petitioner claimed that his appellate counsel was ineffective in failing to present an assignment of error challenging his sentence under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington,* 542 U.S. 296 (2004), and *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). (*Id.*, Ex. 17).

On August 9, 2007, the Ohio Court of Appeals denied the reopening

---

[2]Specifically, petitioner was sentenced to nine (9) year prison terms for the aggravated robbery, rape and kidnapping offenses, and a seven (7) year prison term for the felonious assault offense; only the sentences imposed for aggravated robbery, one of the rape offenses and one of the kidnapping offenses were to be served consecutively. (*See* Doc. 6, Ex. 7).

application, reasoning in pertinent part as follows:

> An application for reopening must be filed in the court of appeals "within ninety days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1). The application must contain a showing of good cause for untimely filing if it is filed more than 90 days from journalization of the appellate judgment. App.R. 26(B)(2)(b).
>
> This court journalized its judgment entry on August 1[5], 2006. Accordingly, App.R. 26(B)(1) required any timely application for reopening to be filed no later than November 1[4], 2006. Appellant's application was filed on June 11, 2007, nearly seven months after the due date imposed by App.R. 26(B)(1). Appellant attempts to explain his late filing by claiming that his appellate counsel never timely sent him a copy of his brief, that he could not obtain the trial transcripts or other information he was entitled to so as to prepare his application in a timely fashion, and that his limited access to the prison law library and his "lack of knowledge, experience and education" justifies the filing of his application beyond the due date set by rule.
>
> It has been determined that, for purposes of App.R. 26, lack of communication with appellate counsel does not amount to good cause.... In addition, lack of access to trial transcripts does not demonstrate good cause for a late filing.... Neither is appellant's inability to gain access to the library facilities good cause for a late application....
>
> Finally, the supreme court has determined that, for purposes of App.R. 26, "ignorance of the law, *** do[es] not automatically establish good cause for failure to seek timely relief[.]"...
>
> Denial of an application is appropriate absent any showing of good cause for a late filing.... Appellant's application contains no explanation of good cause for the untimely filing.

(*Id.*, Ex. 19). Apparently, petitioner did not appeal further to the Ohio Supreme Court.

3

Next, petitioner commenced the instant federal habeas action. The petition, which was signed by petitioner on January 21, 2008, was stamped as "filed" on February 1, 2008. (*See* Doc. 1). Petitioner alleges three grounds for relief:

> **Ground One**: A Defendant's statement to police in response to a custodial interrogation that continues after Defendant requests an attorney violates right against self-incrimination and must be suppressed.

> **Ground Two**: There was insufficient evidence to convict Appellant of Agg. Robbery.

> **Ground Three**: The trial court[']s conviction of Appellant as to Counts One, Two, Three, . . . Four [and Five] were against the manifest weight of the evidence.

(*Id.*, pp. 6, 7, 9).

In response to the petition, respondent has filed a motion to dismiss the petition on the ground that it is time-barred. (Doc. 6, Brief, p. 11-14).

## OPINION

### The Petition Should Be Dismissed With Prejudice Because It Is Time-Barred Under 28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner seeks habeas corpus relief based on alleged errors that occurred during the state trial proceedings. It is clear that petitioner was well aware of the facts underlying his three grounds for relief before the conclusion of the direct review proceedings, given that the same claims were raised by him as assignments of error on direct appeal. Therefore, the petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on September 29, 2006, when the forty-five (45) day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 15, 2006 Judgment Entry on direct appeal (*see* Doc. 6, Ex. 12). *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. Therefore, the statute of limitations began to run on September 30, 2006, the day after petitioner's conviction became "final," *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on September 30, 2007 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or other equitable tolling principles.

During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[3]

---

[3]*See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

The tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[4]  Therefore, once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259.[5]

In *Artuz v. Bennett,* 531 U.S. 4, 8 (2000), the United States Supreme Court held that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.  Thereafter, the Sixth Circuit ruled that an Ohio prisoner's post-conviction petition dismissed by the state courts as untimely is not "properly filed" and, therefore, cannot serve to toll the limitations period under § 2244(d)(2). *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003); *see also Israfil v. Russell,* 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002).  In so holding, the Sixth Circuit emphasized that deference must be accorded to the state courts as "the final authority on state law," and that "federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman,* 346 F.3d at 603; *Israfil,* 276 F.3d at 771.

In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court confirmed that a state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and, therefore, is not subject to statutory tolling under § 2244(d)(2). In that case, the state post-conviction statute had recently been amended, and its application was unclear. *See Walker v. Norris,* 436 F.3d 1026, 1031 (8th Cir. 2006) (citing district court decision in *Pace* published at 151 F.Supp.2d 586, 588 (E.D. Pa. 2001)).  The trial court ruled on the merits of the petition, and it was not until petitioner's appeal that the state appellate court interpreted the amended statute to require the dismissal of the petition on timeliness grounds. *Id.* (citing *Pace,* 151

---

[4]*See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

[5]*Cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

F.Supp.2d at 589-90).

In the federal habeas action which followed, the district court determined that the state petition was properly filed within the meaning of § 2244(d)(2) "because the petitioner complied with the filing requirements as they existed at the time." *Id.* (citing *Pace,* 151 F.Supp.2d at 590-91). However, that determination was reversed on appeal by the Third Circuit; in affirming the Third Circuit's decision, the Supreme Court concluded that "time limits, no matter their form, are 'filing' conditions" which must be met for a state collateral review petition to be deemed "properly filed" under § 2244(d)(2). *Pace,* 544 U.S. at 417.

In so holding, the Supreme Court rejected the argument that "the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id.* at 413. The Court reasoned:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.*

The Supreme Court also was not persuaded by petitioner's argument challenging the fairness of the decision to the extent a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus time-barred in a subsequent federal habeas proceeding. *Id.* at 416. The Court stated that a prisoner seeking state post-conviction relief instead could "avoid this predicament" by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted," and that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.*

Finally, the Supreme Court expressly held that as it had intimated in a prior case – *Carey v. Saffold,* 536 U.S. 214, 226 (2002): "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace,* 544 U.S. at 414; *see also Allen v. Siebert,* 128 S.Ct. 2, 4 (2007) (per curiam) (holding that state post-conviction petition dismissed by the state court as untimely on non-jurisdictional statute-of-limitations grounds was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2)).

In this case, petitioner filed a motion for delayed appeal to the Ohio Supreme Court and an application for reopening of his appeal in the Ohio Court of Appeals, both of which, if "properly filed," would have tolled the running of the statute of limitations under § 2244(d)(2). *See, e.g., DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001)) (involving motion for delayed appeal to the Ohio Supreme Court); *Coulibaly v. Erwin,* No. 1:05cv784, 2007 WL 2852342, at *4 n.6 (S.D. Ohio Oct. 2, 2007) (unpublished) (Dlott, J; Black, M.J.) (involving application to reopen appeal).[6]

The statute of limitations, which commenced running on September 30, 2006, ran 58 days before petitioner filed his motion for delayed appeal to the Ohio Supreme Court on November 27, 2006. (*See* Doc. 6, Ex. 13). An argument can be made that the limitations period was not tolled then because the Ohio Supreme Court ultimately denied petitioner's motion for leave to file a delayed appeal, which the Sixth Circuit has indicated constitutes a "state procedural decision that would preclude tolling." *See DiCenzi,* 452 F.3d at 469 (citing *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir.), *cert. denied,* 543 U.S. 989 (2004), as "distinguishing between the denial of a motion to file a delayed appeal in the Ohio Supreme Court, a state procedural decision that

---

[6]In *Coulibaly, supra,* 2007 WL 2852342, at *4 n.6, the court noted that a reopened appeal under Ohio R. App. P. 26(B) "is subject to consideration for the purpose of determining statutory tolling under 28 U.S.C. § 2244(d)(2);" however, such an appeal "may not be considered in determining when the petitioner's conviction became 'final' under 28 U.S.C. § 2244(d)(1)(A), because an application for reopening is deemed a collateral post-conviction remedy in Ohio rather than part of the direct appeal. *See Lopez v. Wilson,* 426 F.3d 339, 351-53 (6th Cir. 2005) (en banc), *cert. denied,* 126 S.Ct. 1880 (2006); *see also Morgan v. Eads,* 818 N.E.2d 1157 (Ohio 2004)." *See also Waters v. Warden, Noble Corr. Instit.,* No. 1:07cv758, 2008 WL 2876463, at *6 & n.7 (S.D. Ohio July 24, 2008) (Dlott, J.; Hogan, M.J.) (unpublished); *Johnson v. Warden, Chillicothe Corr. Instit.,* No. 1:06cv156, 2007 WL 2206550, at *5 n.5 (S.D. Ohio July 30, 2007) (Barrett, J.; Black, M.J.) (unpublished).

would preclude tolling, and the granting of the motion to file the appeal but subsequent dismissal on the jurisdictional merits of the case, a decision on the merits that would not preclude tolling"). *See also Plaza v. Hudson*, No. 1:07cv674, 2008 WL 2017573, at *10 (N.D. Ohio May 7, 2008) (Polster, J.; Limbert, M.J.) (unpublished) (untimely motion for delayed appeal "was not properly filed and does not toll the AEDPA statute of limitations"); *Arrington v. Ohio*, No. 3:06cv183, 2006 WL 2090091, at *2 (S.D. Ohio July 25, 2006) (Rose, J.; Merz, M.J.) (unpublished) (holding that unsuccessful attempt to file a delayed appeal with the Ohio Supreme Court did not toll the statute of limitations); *cf. Dye v. Wolfe,* No. 2:06cv699, 2007 WL 2021857, at *3-4 (S.D. Ohio July 6, 2007) (Sargus, J.; Abel, M.J.) ("motion for delayed appeal in the state appellate court did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because such action was dismissed for failure to comply with Ohio Appellate Rule 5" and, therefore, was not "properly filed"); *Keister v. Eberlin,* No. 5:07cv808, 2007 WL 4510218, at *2 (N.D. Ohio Nov. 26, 2007) (Gallas, M.J.) (unpublished) (motion for delayed appeal, which was denied for failure to comply with Ohio R. App. P. 5(A), was not "properly filed" and therefore did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2)), *aff'd*, 2007 WL 4510216, at *3-4 (N.D. Ohio Dec. 17, 2007) (Gwin, J.) (adopting Report & Recommendation with modification) (unpublished).[7]

However, because respondent has not asserted such an argument in support of the motion to dismiss, the Court will assume in petitioner's favor that the statute of limitations was tolled in this case during the pendency of petitioner's delayed appeal motion before the Ohio Supreme Court. The statute was tolled on November 27, 2006 and commenced running again on March 15, 2007, the day after the Ohio

---

[7]It is noted, however, that in numerous other habeas cases filed in Ohio, the federal courts have, without addressing the "properly filed" issue, calculated the limitations period as automatically including a period of tolling for delayed appeal motions that were denied by the state court. *See, e.g., Hernandez v. Eberlin,* No. 5:07cv399, 2008 WL 2967662, at *5 (N.D. Ohio July 25, 2008) (Economus, J.; Limbert, M.J.) (unpublished); *Tomilson v. Lazaroff,* No. 2:07cv583, 2008 WL 2796549, at *2 (S.D. Ohio July 16, 2008) (Graham, J.; Abel, M.J.) (unpublished); *Wise v. Moore,* No. 2:07cv16, 2008 WL 269437, at *3 (S.D. Ohio Jan. 30, 2008) (Holschuh, J.; Abel, M.J.) (unpublished); *Ward v. Timmerman-Cooper,* No. 2:07cv41, 2008 WL 214411, at *4 (S.D. Ohio Jan. 23, 2008) (Frost, J.; King, M.J.) (unpublished); *Hammond v. Gansheimer,* No. 5:06cv2339, 2008 WL 163611, at *1 (N.D. Ohio Jan. 17, 2008) (Economus, J.; Gallas, M.J.) (unpublished); *Hardy v. Moore,* No. 1:06cv218. 2007 WL 3232437, at *4 (S.D. Ohio Oct. 31, 2007) (Weber, S.J.; Black, M.J.) (unpublished); *Evans v. Lazaroff,* No. 2:06cv188, 2006 WL 3759697, at *4 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished).

Supreme Court denied petitioner's timely-filed motion for reconsideration of the January 24, 2006 decision to deny petitioner's delayed appeal motion. (*See id.*, Exs. 14-16).[8]

On June 11, 2007, petitioner filed an application for reopening of his appeal with the Ohio Court of Appeals, which arguably served to further toll the limitations period under § 2244(d)(2). (*Id.*, Ex. 17). However, as respondent has pointed out in the motion to dismiss (Doc. 6, Brief, p. 9), the reopening application was denied because it was not timely filed within 90 days of journalization of the appellate judgment as required under Ohio R. App. P. 26(B)(1), and because petitioner failed to show "good cause" for the delay in filing as required by Ohio R. App. P. 26(B)(2)(b). (*See id.*, Ex. 19).

Since *Pace,* statutory tolling of the statute of limitations has not been permitted in cases such as this, where the Ohio appellate courts have denied untimely applications for reopening based on the applicant's failure to show "good cause" for the delay in filing. *See, e.g., Dean v. Jeffries,* No. 3:06cv1291, 2007 WL 3407405, at *2 (N.D. Ohio Nov. 13, 2007) (unpublished); *Hardy v. Moore,* No. 1:06cv218, 2007 WL 3232437, at *4-5 (S.D. Ohio Oct. 31, 2007) (Weber, S.J.; Black, M.J.) (unpublished); *Brownlow v. Konteh,* No. 3:05cv1118, 2007 WL 3101715, at *5 (N.D. Ohio Oct. 19, 2007) (unpublished); *Tomlinson v. Hudson,* No. 1:06cv687, 2007 WL 1831135, at *6 (N.D. Ohio June 25, 2007) (unpublished); *Nelson v. Wilkerson,* No. 5:03cv2436, 2007 WL 987323, at *6-7 (N.D. Ohio Mar. 30, 2007) (unpublished); *Gorman v. Brunsman,* No. 1:03cv865, 2006 WL 1645066, at *8 (S.D. Ohio June 7, 2006) (Dlott, J.; Black, M.J.) (unpublished); *Hanna v. Jeffreys,* No. 2:05cv727, 2006 WL 462357, at *3-4 (S.D. Ohio Feb. 22, 2006) (King, M.J.) (Report & Recommendation) (unpublished), *adopted,* 2006 WL 689060 (S.D. Ohio Mar. 16, 2006) (Graham, J.).

Accordingly, in light of *Pace* and Sixth Circuit case-law interpreting the phrase "properly filed" as set forth in 28 U.S.C. § 2244(d)(2), as well as the line of district court cases all holding that a reopening application dismissed on timeliness grounds does not toll the limitations period, the undersigned concludes that the statute of

---

[8]*Cf. Sells v. Wolfe,* 77 Fed.Appx. 299, 301 (6th Cir. Aug. 7, 2003) (not published in Federal Reporter) (statute of limitations was tolled during the pendency of a motion for reconsideration before the Ohio Supreme Court), *cert. denied,* 541 U.S. 906 (2004).

limitations was not tolled under 28 U.S.C. § 2244(d)(2) during the pendency of petitioner's application for delayed reopening of the appeal before the Ohio Court of Appeals.

The clock, therefore, began to tick again on March 15, 2007 and expired 307 days later on January 16, 2008. Therefore, after taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), the instant petition filed at the earliest on January 21, 2008 was submitted five days too late.

To the extent that petitioner contends he is entitled to review of his otherwise time-barred petition under equitable tolling principles, the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations," *Pace*, 544 U.S. at 418 n.8. However, the Sixth Circuit has held that the statute of limitations is not jurisdictional and that "equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *see also McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003).

In *Pace*, the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Before *Pace*, the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S.

147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated he is entitled to equitable tolling under *Dunlap*.

Petitioner does not argue, nor is there evidence in the record to suggest, that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. In any event, it was unreasonable for petitioner to remain ignorant of this requirement, which has been in effect since April 1996.

Here, petitioner failed to comply with the requirements for filing a timely appeal to the Ohio Supreme Court or a timely application for reopening of the appeal with the Ohio Court of Appeals. Moreover, petitioner did not pursue an appeal in the state supreme court in the over-three-month period that ensued after the Ohio Court of Appeals affirmed his conviction on direct appeal; nor did he file his application for reopening until nearly three months after the Ohio Supreme Court denied his motion to reconsider its denial of his delayed appeal motion. Nevertheless, the undersigned assumes, without deciding, that petitioner diligently pursued the state court remedies of a delayed appeal to the Ohio Supreme Court and delayed application for reopening of the appeal in the Ohio Court of Appeals. However, the same cannot be said of petitioner's pursuit of federal habeas relief. Petitioner waited to file his federal habeas petition until over five and one-half months after the Ohio Court of Appeals rendered the final state court decision on August 9, 2007, denying petitioner's reopening application as untimely. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2), the statute of limitations commenced running with respect to petitioner's August 15, 2005 conviction and sentence on September 30, 2006; ran for 58 days before it was arguably tolled from November 27, 2006 through March 14, 2007 during the pendency of petitioner's motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 15, 2006 direct appeal decision; commenced running again on

12

March 15, 2007; and expired at the latest 307 days later on January 16, 2008. Petitioner has not demonstrated the statute of limitations is subject to equitable tolling. Therefore, the instant federal habeas corpus petition filed at the earliest on January 21, 2008, five days after the statute of limitations expired, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred.

2. A certificate of appealability should not issue with respect to the three grounds for relief alleged in the petition, which this Court has concluded are barred from review on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[9]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/24/08
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\08-75grantMTD-sol untimely-reopenapplic-delayapp.wpd

_____

[9]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Antwan J. Hall,
    Petitioner

vs
                          Case No. 1:08cv75
                          (Barrett, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antwan J. Hall 505-053
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail        ☐ Express Mail
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)        7001 2510 0008 6348 5833

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540

1:08cv75    (Doc. 9)