**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Antwan J. Hall

      Petitioner,

    v.                                              Case No. 1:08cv75

Warden, Lebanon Correctional            Judge Michael R. Barrett
Institution,

      Respondent.

## ORDER

Before the Court is the September 24, 2008 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 9) regarding Respondent's Motion to Dismiss Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 6)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 11)

**I.**     **FACTUAL BACKGROUND**

In 2005, a jury found Petitioner was found guilty of aggravated robbery, two counts of rape, two counts of kidnaping, and one count of felonious assault. On August 15, 2005, Petitioner was sentenced to twenty-seven years of imprisonment. With the assistance of counsel, Petitioner filed a timely appeal to the Ohio Court of Appeals. On August 15, 2006, the Ohio Court of Appeals overruled Petitioner's assignments of error, and affirmed the trial court's judgment.

On November 27, 2006, Petitioner filed a *pro se* motion for delayed appeal with the Ohio Supreme Court. Petitioner claimed delay as a result of his lack of "knowledge, experience, and education." Petitioner also claimed that he was only allowed "limited time" in the law library.

On January 24, 2007, the Ohio Supreme Court denied Petitioner's motion for delayed appeal and dismissed the case without opinion. On February 1, 2007, Petitioner filed motion for reconsideration, which was denied on March 14, 2007. On June 11, 2007, Petitioner filed a *pro se* application for reopening of his appeal with the Ohio Court of Appeals. On August 9, 2007, the Ohio Court of Appeals denied the reopening application. Petitioner did not file any further appeals.

Petitioner filed his petition for writ of habeas corpus in this Court on February 1, 2008.

## II.     MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends granting Respondent's Motion to Dismiss. The Magistrate Judge concluded that Petitioner's petition is time-barred under the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge explained that the statute began to run when Petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review. The Magistrate found that Petitioner's conviction became final on September 29, 2006 when the forty-five day period expired for filing an appeal to the Ohio Supreme Court. Therefore, according to the Magistrate Judge, the statute of limitations began to run on September 30, 2006, and expired one year later on September 30, 2007. However, the Magistrate Judge assumed in Petitioner's favor that the statute of limitations was tolled during the pendency of his

delayed appeal motion before the Ohio Supreme Court. As a result, the statute was tolled from November 27, 2006 until March 15, 2007.

The Magistrate Judge found that Petitioner's application for reopening his appeal with the Ohio Court of Appeals, which was dismissed on timeliness grounds, did not toll the statute of limitations. Therefore, the Magistrate Judge concluded that Petitioner's statue of limitations expired on January 18, 2008, and Petitioner's petition, filed on January 21, 2008, was filed five days too late. The Magistrate Judge also concluded that equitable tolling is inappropriate and therefore, the petition is time-barred.

### III. ANALYSIS

In his objections, Petitioner argues (1) *pro se* pleadings should be construed liberally; (2) he should be permitted to return to state court and complete the exhaustion process; (3) his petition should be dismissed without prejudice; and (4) his attorney who represented him in his direct appeal did not provide him with the paperwork to pursue his appeal.

#### A. *Pro se* pleadings

The pleadings of *pro se* petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *citing Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *Jourdan*, 951 F.2d 108 at 110. It is well established that a petitioner's *pro se* status and lack of knowledge of the law do not provide any basis for equitable tolling of the limitations period.

*See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Therefore, Petitioner's *pro se* status has no bearing on the timeliness of his petition.

B. **State court proceedings**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam ); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If a federal habeas petitioner has not fairly presented his claims through the requisite levels of state appellate review to the state's highest court, but still has an avenue open to him in the state courts by which he may present his federal constitutional claims, his petition may be dismissed without prejudice, or administratively stayed, pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker*, 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers*, 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 778-81 (6th Cir. 2002).

Petitioner requests that dismissal be without prejudice so he may exhaust his claims in state court. Petitioner argues that the Magistrate Judge's conclusion is based on a finding that his claim was not fairly presented to the state court.

The Court finds that Petitioner misunderstood the Magistrate Judge's conclusion. The Magistrate Judge did not recommend dismissal based on a failure to exhaust state remedies. Instead, the Magistrate Judge found that Petitioner's claims were untimely. A dismissal of a federal habeas corpus petition as untimely under 28 U.S.C. § 2244(d)(1) is

a dismissal with prejudice. Therefore, dismissal with prejudice is proper.

## C. Access to documents

Petitioner claims that he could not properly file his appeal in the state court proceedings because his attorney handling his appeal failed to provide him with a transcript of the proceedings and he could not obtain one from the state court.

This Court has previously rejected this argument as a basis for equitable tolling:

> courts have generally held that the unavailability of or delay in receiving transcripts or other state court documents is not a basis for equitable tolling. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) ( "[T]he state court's delay in furnishing the petitioner with the transcript did not establish a basis for equitable tolling."); *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) ("[T]he unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition."); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing postconviction proceedings and therefore does not warrant equitable tolling."); *Gassier v. Bruton*, 255 F .3d 492, 495 (8th Cir. 2001) ("We do not think that these delays in obtaining the transcript of the trial should have the effect of extending the limitations period."); *see also Grayson v. Grayson*, 185 F.Supp.2d 747, 751-52 (E.D.Mich. 2002); *Wright v. Comm'r, Dep't of Corr.*, No. 6:07-358-KKC, 2008 WL 2397564, at *3 (E.D. Ky. June 10, 2008).

*Waters v. Warden*, 2008 WL 2876463, *10 (S.D.Ohio July 24, 2008) (unpublished).

The Court notes that Petitioner's lack of access to his trial transcripts or other documents did not prevent him from commencing his habeas petition. Therefore, the statute of limitations for the filing of Petitioner's habeas petition will not be tolled on this basis.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the September 24, 2008 Magistrate Judge's Report and Recommendation is hereby **ADOPTED**. It is

hereby **ORDERED** that:

1. Respondent's Motion to Dismiss (Doc. 6) is hereby **GRANTED**;

2. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice as time-barred;

3. A certificate of appealability shall not issue with respect to this Order dismissing the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling;[1]

4. Petitioner remains free to request issuance of the certificate from the Court of Appeals. *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b);

5. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.